IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| DONNA MARIE WILKENS | : | CASE NO. 1:11-CV-521 |
| Plaintiff, | : | Judge Timothy S. Black |
| v. | : | Mag. Judge Stephanie K. Bowman |
| THE PROCTER & GAMBLE DISABILITY BENEFIT PLAN | : | **STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |
| Defendant. | : | |

IT IS HEREBY STIPULATED AND AGREED,[1] pursuant to Rules 26 and 29 of the Federal Rules of Civil Procedure, that:

1. (a) This stipulation and order shall govern confidential or privileged information. This stipulation and order shall control the disclosure, handling and use of all such confidential or privileged documents, testimony, and other information, including all copies, excerpts and summaries therefore produced, given, or filed by the parties during discovery, the preparation of motions and memoranda relating to the administrative record, and any other proceeding in this action.

---

[1] Defendant The Procter & Gamble Disability Benefit Plan ("P&G Disability Benefit Plan") does not believe any discovery in this Action is proper, as this Action seeks recovery of disability benefits under The Employee Retirement Income Security Act of 1974 ("ERISA") and the Court's review in this ERISA Action should be limited to the administrative record only. By entering this Protective Order, P&G Disability Benefit Plan seeks to facilitate production of this administrative record, and it does not waive any rights and expressly reserves its right to challenge Plaintiff's requests for discovery in this Action.

˜1˜

(b) The provisions of this stipulation and order shall apply to any party in this case who desires to review the material and any other person producing or disclosing material in this action who agrees to be bound by the terms of this stipulation and order. However, nothing herein shall be construed to modify the restrictions set out below in paragraph 3 regarding access to Confidential material.

(c) As used herein, a person includes the named parties and those defined in paragraph 3(b) herein who have agreed to be bound by this stipulation and order.

2. "Confidential material": Any person may designate as Confidential any material produced in the course of discovery, the preparation of motions and memoranda relating to the administrative record, and any other proceeding herein only when such designating person in good faith believes that such material contains material that is privileged or confidential under the laws of Ohio or the United States and such confidence or privilege has not been waived by disclosure to the public. Any party who believes material should be considered Confidential although it does not fall strictly within those guidelines may make application to the Court that the material be so considered.

3. Confidential material shall be subject to the following restrictions:

(a) Confidential material shall be used only for the purposes of this litigation (including appeals) and not for any business or other purpose whatsoever and shall not be given, shown, made available, or communicated in any way to anyone except

those to whom it is necessary that such material be given or shown for the purposes permitted under this paragraph, as set forth in subparagraph (b) below.

(b) Confidential material may be disclosed, for the purposes set forth above, only to:

(i) counsel of record for the parties and employees of counsel and experts retained by counsel;

(ii) insurers of the parties;

(iii) the Court (including court reporters, stenographic reporters, and court personnel);

(iv) any person as further ordered by the Court;

(v) the parties;

(vi) experts, consultants, investigators, or advisors of a party who are qualified by knowledge, skill, experience, training or education and retained by counsel to assist in the preparation of this action and to whom it is necessary that the information be disclosed; and

(vii) potential witnesses to the extent the confidential material was authored by or addressed to the person or such person is identified in the material so that he or she is knowledgeable of such information or contents of the confidential material prior to disclosing the confidential material, or witnesses who have been identified by the receiving party to the disclosing party as potential witnesses in the case and the receiving party reasonably and in good faith believes that the material is relevant to the witnesses' potential testimony; provided that nothing in this subparagraph 3(b)(vii) shall limit the producing party's right to challenge the disclosure of the information to a potential witness of the receiving party, pursuant to the terms of this Protective Order.

4. Any person to whom Confidential material is disclosed shall first be advised by the person making the disclosure that, pursuant to this Protective Order, such person

shall not divulge such material to any other person other than in accordance with this Protective Order. For individuals under paragraphs (3)(b)(iv), (3)(b)(vi), and 3(b)(vii), the attorney making the disclosure shall secure from each person a declaration in the form attached as Exhibit A stating that such person has read the Protective Order and agrees to be bound by it.

Further, each person to whom Confidential material is disclosed must be advised that a violation of this Order may constitute contempt of a court order. Such declaration shall be maintained in the possession of the attorneys securing the declaration until further order of the Court except that, upon request of opposing counsel, the counsel securing the declaration shall provide a copy of the designation to opposing counsel. However, absent an order from the court, counsel shall only be required to provide to opposing counsel copies of declarations secured from individuals who have been identified as witnesses for trial by counsel who obtained the declarations. After this action and any appeals have concluded, all such declarations will be turned over to the opposing counsel.

    (a)    All pleadings or other court filings which incorporate or disclose confidential material shall be filed with or received by the Court in a sealed envelope or other container marked on the outside with the title of the action (unless otherwise ordered or directed by the Court), and identification of each item therein and a statement as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO COURT PROTECTIVE ORDER**

(b) Any disclosure of confidential material in this action shall be made only to the Court (including court reporters, stenographic reporters, and court personnel) and to those individuals, when appropriate, listed in paragraph 3(b)(i)-(vii), unless the Court orders otherwise.

(c) Notwithstanding any of the foregoing provisions, this stipulation and protective order has no effect upon, and its scope shall not extend to, any person's use of its own confidential material.

5. Each person given access to confidential material pursuant to the terms hereof shall be advised that the confidential material is being disclosed pursuant to and subject to the terms hereof. Before any person is given access to confidential material, he or she must also execute that annexed certificate. The signature on this stipulation and order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by all attorneys, experts retained by attorneys in this action and employees of that firm to so be bound.

6. The failure of any party, attorney, or other person subject to this stipulation and protective order to abide by the terms and conditions hereof shall be referred to this Court for appropriate action.

7. Confidential material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "Confidential" on the document. If there are a series of documents, some of which contain confidential material, any such document or section thereof that contains Confidential material shall be so marked.

(b)     In the case of interrogatory answers, designation shall be made by placing the legend "Confidential" on each page of any answer that contains Confidential material.

(c)     In the case of deposition testimony, counsel for the testifying person may designate on the record at any time of the deposition those portions of testimony to be treated as "Confidential." Those designated portions, if transcribed, shall be prepared in a separate transcript marked "Confidential" and, if filed with the Court, shall be filed under seal pursuant to paragraph 4(a) above. Additionally, within thirty days after receipt of the deposition transcript, a party may designate in writing, served upon all counsel, that specific portions of the transcript be "Confidential." All transcripts shall be treated as Confidential material for this thirty-day period, as will any portions of the transcript designated "Confidential" thereafter. During the deposition, no objection shall be interposed that an answer would elicit confidential information.

(d)     All briefs, pleadings, or other filings with the Court that incorporate or disclose Confidential material shall be appropriately labeled on the cover page and filed under seal.

(e)     The Confidential material will be kept in the custody and care of the persons authorized to receive such Confidential material under the provisions of paragraph 3 of this Order.

8.     (a)     Any party may at any time, on reasonable notice, seek (i) modification of this stipulation and order or (ii) relief from the provisions of this stipulation and order with respect to specific material.

(b) A party shall not be obligated to challenge the propriety of the designation of material as Confidential material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation, it shall send or give notice to the designating person, and they shall attempt to resolve any challenge in good faith and on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may, on reasonable notice, apply for appropriate rulings from the Court. The designating party shall always have the burden of establishing the confidential nature of any material under the laws of Ohio or the United States.

9. This stipulation and order, insofar as it restricts the communication and use of Confidential material, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals.

10. The parties do not waive any rights they may otherwise have by execution of this stipulation and protective order. Nothing in this Order shall prevent any party from seeking modification of this order, or from objecting to discovery that it believes to be improper. The Court may enter such other or further orders that it deems appropriate and this stipulation and protective order is without prejudice of the right to any party to apply for further orders including, but not limited to, a protective order providing greater protection for certain documents or categories of documents and without prejudice to the parties agreeing to a modification thereof.

11. The production or disclosure of any document (including but not limited to e-mail or other electronic documents) or thing otherwise protected by the attorney-client

privilege or work-product protection (as defined by Fed. R. Evid. 502(g)) ("Disclosed Protected Information") shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the disclosing party would otherwise be entitled to assert with respect to the Disclosed Protected Information or its subject matter. Pursuant to Fed. R. Civ. P. 26(b)(5)(B), the disclosing party may assert, in writing, the attorney-client privilege or work product protection with respect to the Disclosed Protected Information.

12. Within thirty days after the termination of this action, including the final disposition of any appeal, Confidential materials and all copies, included but not limited to any notes, abstracts, summaries, or other materials relating to referring to such Confidential material, and all copies of declarations signed by individuals who have viewed Confidential material shall be returned to counsel for the party who initially produced such documents. Should counsel choose to provide an affidavit evidencing the destruction of these documents, that affidavit will be accepted in lieu of the return of these documents, but in any event, all copies of declarations given by individuals who have viewed Confidential material shall be provided to counsel for the party who initially produced such documents. Counsel of record may retain pleadings, documents filed with the Court, and any work product and copies thereof, all of which shall remain subject to this Order.

13. This stipulation and order shall be submitted to the Court, with request that it be executed and filed by the Court, immediately upon execution by the parties. Prior to approval by the Court, this stipulation and protective order shall be effective as if approved.

**IT IS SO ORDERED.**

_____7/23/12_____                       _/s/ Timothy S. Black_
Date                                                            Timothy S. Black
                                                                  United States District Judge

THIS PROTECTIVE ORDER IS
STIPULATED TO AND AGREED BY:

/s/ Ted L. Wills
Ted L. Wills
414 Walnut Street
Suite 707
Cincinnati, Ohio 45202-3913
Telephone: (513) 721-5707
Email: TedLWills@aol.com

Attorney for Plaintiff
Donna Marie Wilkens

/s/ D. Jeffrey Ireland
D. Jeffrey Ireland (0010443)
   Trial Attorney
Stephen A. Weigand (0083573)
FARUKI IRELAND & COX P.L.L.
201 East Fifth Street, Suite 1420
Cincinnati, Ohio 45202
Telephone: (513) 632-0310
Telecopier: (513) 632-0319
Email: djireland@ficlaw.com
       sweigand@ficlaw.com

Attorneys for Defendant
The Procter & Gamble Disability Plan

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| DONNA MARIE WILKENS | : | CASE NO. 1:11-CV-521 |
| Plaintiff, | : | Judge Timothy S. Black |
| v. | : | Mag. Judge Stephanie K. Bowman |
| THE PROCTER & GAMBLE DISABILITY BENEFIT PLAN | : | **EXHIBIT A TO STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |
| Defendant. | : | |

_____

_____, declares and undertakes as follows:

My address is _____

_____

My present employer is _____

_____

My present occupation or job description is _____

_____

I have received and read a copy of the Stipulated Protective Order and Confidentiality Agreement entered by this Court in the lawsuit identified in the above caption (the "Protective Order"). I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of the Protective Order and by such other orders as may be made by the Court. In particular, I agree to hold in confidence, in accordance with the

requirements of the Protective Order, any information and material disclosed to me pursuant to the Protective Order and, unless permitted by further order of the Court, not to communicate the contents of such information and material to any person other than a person permitted access pursuant to the terms of the Protective Order.

To assure my compliance with the Protective Order, I submit myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the limited purpose of any proceeding relating to the enforcement of, performance under, compliance with, or violation of the Protective Order.

I understand that I am to retain all of the materials that I receive pursuant to the Protective Order, and all copies or other reproductions made by me, for me, or at my direction, in a secure container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order. I understand that all such materials are to remain in my custody until I have completed my assigned duties, at which time they are to be returned to counsel of record for the party who provided them to me. I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such materials, or containing any information provided in such materials, shall be destroyed. I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: _____

SIGNATURE: _____

625271.3

3