UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNA MARIE WILKENS,

    Plaintiff,

vs.

PROCTER & GAMBLE DISABILITY
BENEFIT PLAN,

    Defendant.

Case No. 1:11-cv-521

Judge Timothy S. Black

**ORDER: (1) DENYING PLAINTIFF'S MOTION TO COMPEL (Doc. 35); AND (2) DENYING PLAINTIFF'S MOTION TO AMEND THE SCHEDULING ORDER (Doc. 33)**

This civil action is before the court on: (1) Plaintiff's motion to amend the scheduling order (Doc. 33) and the parties' responsive memoranda (Docs. 34, 36); and (2) Plaintiff's motion to compel (Doc. 35) and the parties' responsive memoranda (Docs. 39, 40, 41, 44).  The Court heard oral argument on the discovery dispute on January 25, 2013.

**I.     BACKGROUND FACTS AND PROCEDURAL POSTURE**

This Court originally determined that Plaintiff was "entitled to discovery regarding the alleged lack of due process afforded by the administrator and the alleged conflict-of-interest/bias, but nothing more."  (Doc. 31 at 8).  Specifically, the Court found that Plaintiff was entitled to discovery on "compensation arrangements between the plan administrator and third-party reviewers, contractual connections, annual financial payments and statistical data about the number of claims sent to the same reviewers and the number of denials resulting therefrom … statistical data on the number of times that

such reviewers found disability claimants able to work at a sedentary occupation or found claimants to be not disabled from any occupation." (*Id*.)  Additionally, the Court determined that Plaintiff was entitled to discovery of "incentive, bonus or reward programs," "financial payments annually paid to reviewers," and "documentation of administrative processes designed only to check the accuracy of grants of claims." (*Id.*) Plaintiff now argues that Defendant has failed to comply with the Court's Order, and she seeks an order compelling production of the discovery authorized by the Court.

Plaintiff also seeks to amend the date for expert reports (which expired on January 25, 2013), because the parties are engaged in a discovery dispute.  Plaintiff alleges that she cannot yet designate an expert witness because she has not yet had an opportunity to review the documents regarding Defendant's status as insurer, the financial arrangements between Defendant and the third-party reviewers, a statistical analysis of the applications and denials, and the administrative procedures for accuracy of the ERISA applications.

## II.     ANALYSIS

### A.  Motion To Compel

The Sixth Circuit has held that a company has a "conflict of interest" when, as "administrator, it interprets the plan, deciding what expenses are covered, and as issuer of the policy, it ultimately pays those expenses." *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir. 1998).

In the instant case, Defendant admitted that "it is the plan administrator, and it interprets the Plan and makes payments." (*Id.* at ¶ 35).  However, Plaintiff states that it is not the "insurer" and that there is no applicable insurance policy. (Doc. 22 at ¶¶ 35-37).

The P&G Disability Benefit Plan is a short-term disability plan ("the Plan").[1] Defendant states that the short-term plan is "employee funded" through employee paycheck deductions and the long-term plan is "funded almost entirely by the Company."[2] (Doc. 35-6, Appx. F).

Although the Plan states that "[t]he Company may, at its discretion, make contributions to the Plan from time to time while this Plan is in effect, in such amounts as it may deem advisable," the Plan contains such language to act simply as a security measure in the event of a major occurrence, for example, a merger or divestiture, or some other circumstance that left the short-term plan short of funds. (Doc. 26, Ex. 1 at 7). As a general matter, the Procter & Gamble Company does not regularly make and has not made contributions to the short-term disability benefit plan. (Doc. 41 at 2). The Plan has access to records dating back to 2006 related to Plan contributions, and those records confirm that at least since that time, which is prior to Plaintiff's first seeking disability benefits in March 2007, the Procter & Gamble Company has not made contributions to the short-term plan. (*Id.*)

Accordingly, given the fact that the short-term disability benefit plan is funded entirely by employees, P&G has no "conflict of interest" in administering it and there is no evidence that the administrator of the short-term plan "may favor their financial and

---

[1] The long-term plan is titled "The Procter & Gamble Company Continuing Disability Benefits Plan[.]" (PGDBP-00018).

[2] Plaintiff was approved for short-term disability benefits. (Doc. 18 at ¶ 22). There is no indication that Plaintiff ever applied for long-term disability benefits or that long-term benefits are at issue.

3

profit-making interests over the best interests of the plan participants." *Peruzzi*, 137 F.3d at 433.[3]

### 1. Requests 2, 4, 5, 10: Documents pertaining to persons with knowledge, witnesses, insurance, decisionmakers

Plaintiff requested the name of every person who has discoverable information, the insurance policy that would apply to this case, the names of Defendant's witnesses, and the identity of the decisionmakers in the denial of Plaintiff's disability application.

Defendant has produced all documents which show that no conflict of interest exists. Therefore, all discoverable documents have been produced.

### 2. Request 6: Documents pertaining to Plaintiff

Plaintiff requested documents related to herself. To the extent that Defendant has documents pertaining to Plaintiff regarding the alleged lack of due process afforded by the administrator and the alleged conflict-of-interest/bias, Defendant maintains that such documents have been produced.

### 3. Request 12: Documents pertaining to any incentive, reward, bonus

Next, Plaintiff requested documents related to incentive, bonus or reward programs, formal or informal for each person involved in the decision making process to deny Plaintiff's disability claim.

---

[3] The short-term plan applies for the first 52 weeks of disability. (*See* PGDBP-00009). While Plaintiff contends that she "was on disability for 384 days", this 384-day time frame is the "Approximate Disability Duration," which merely reflects the number of days between March 12, 2007 (Plaintiff's first day absent) and March 29, 2008 (the date benefits were denied) without accounting for any period during which Plaintiff had returned to work. Plaintiff received less than 33 weeks of disability benefits between March 12, 2007 and March 29, 2008. (PGDBP-0025). Therefore, Plaintiff was not and has never been on long-term disability.

Defendant maintains that it "do[es] not provide bonuses or incentives to doctors who are hired by a third party to perform a file review or IME" and thus no such documents exit. (Doc. 39 at 9).

### 4. *Financial information*

Plaintiff requested compensation arrangements between the plan administrator and third-party reviewers, contractual connections, and annual financial payments.

While the Court agrees that "[p]hysicians repeatedly retained by benefits plans may have an incentive to make a finding of not disabled in order to save their employers money and to preserve their own consulting arrangements," *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 831 (2003), the Court has now determined that the short-term disability plan at issue is employee funded, and thus there is no such incentive in this case.

### 5. *Requests 14 and 15: Documents providing statistics*

Plaintiff requested statistical data regarding the award and denial of benefits.

Defendant states that it does not maintain statistics on the number of files sent to doctors and the recommendations or conclusions from those reviewers. (Doc. 39 at 11). Additionally, Defendant has represented that third-party reviewers do not ultimately decide whether a Plan participant, including Plaintiff, receives or is denied benefits under the Plan, and thus such documentation, if it existed, is irrelevant.

### 6. *Request 16: Documents pertaining to administrative claims*

Next, Plaintiff requests documentation of administrative processes designed to check the accuracy of claims.

Defendant maintains that it does not have any documents designed to check the accuracy of claims other than what has previously been produced.  (Doc. 39 at 12).  The Court cannot order the production of documents that do not exist.

### 7.  Requests 17 and 18:  Documents pertaining to affirmative defenses

Plaintiff asked for the factual basis and all documents related to the eleven defenses that Defendant raised in this case.  The Court finds that this request is outside the limited Order permitting discovery.

This civil action has been pending since August 2, 2011.  Based on the instant review of the Second Supplemental Responses (Doc. 42, Ex. 1), the Court deems that Defendant has fully responded to Plaintiff's discovery requests, and the Court will not entertain any additional discovery issues.

### B.    Motion To Amend The Scheduling Order

Plaintiff also seeks amendment of the expert report deadline, requesting that it be extended in light of the discovery dispute.

This Court has never permitted expert testimony in an ERISA case, and while it can imagine circumstances that might give rise to the need for expert testimony, no such facts have been raised in the instant matter.[4]  Additionally, as the Court has now ruled that there is no conflict of interest, no expert is required.

---

[4] In fact, the documents that Plaintiff says she requires in order to name an expert -- Defendant's status as an insurer, the financial arrangements between Defendant and third-party reviewers, a statistical analysis of the applications and denials, and the administrative procedures for the accuracy of the ERISA applications -- do not exist.

### III. CONCLUSION

Accordingly, for the reasons stated here, Plaintiff's motion to amend (Doc. 33) and Plaintiff's motion to compel (Doc. 35) are **DENIED**.

**IT IS SO ORDERED**.


Date: 3/18/2013  \_\_*s/ Timothy S. Black*_____
Timothy S. Black
United States District Judge